■ In the Matter of JEFFREY FREUNDLICH, Appellant, v BESSIE FREUNDLICH, Respondent. [688 NYS2d 626] —In a proceeding pursuant to Family Court Act article 4 for a downward modification of child support obligations, the petitioner father appeals from an order of the Family Court, Orange County (Bivona, J.), entered November 25, 1997, which sustained the respondent mother's objections to an order of the same court (Mandell, H.E.), dated August 18, 1997, which, after a hearing, *inter alia*, decreased his child support obligations from $700 per month to $63 per week.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

The parties entered into a separation agreement wherein the petitioner father agreed to pay the respondent mother the sum of $700 per month in child support. The agreement also

provided that the mother would buy out the father's interest in the marital residence, and that the amount of any unpaid child support would be set off from the mother's payment to the father for his interest in the marital residence. The separation agreement was incorporated into, but survived and was not merged into, the judgment of divorce dated May 29, 1992.

In or about May 1997 the father commenced the instant proceeding seeking a downward modification of his child support obligations on the ground that he had lost his job. After a hearing, the Hearing Examiner issued an order, *inter alia*, granting the father's application, finding that there had been a change of circumstances since the entry of the judgment of divorce. However, the Family Court sustained the mother's objections and declined to reduce the amount of child support, holding that the parties "had anticipated that there might be an interruption in child support" based on the set-off provision in the separation agreement.

The Family Court erred in interpreting the set-off provision of the separation agreement as prohibiting the father from seeking a downward modification of child support. Although the parties may indeed have "anticipated that there might be an interruption in child support", the set-off provision was merely a practical, self-help remedy for the mother in the event that the father fell behind in support and/or maintenance payments. However, there is no indication that the parties intended that the father be precluded from making an application for a downward modification of support.

Although the Family Court found that the parties anticipated that there might be an interruption in child support, it cannot be said that the parties anticipated that the father would lose his job because his position with the City of Yonkers was abolished. The parties entered into the separation agreement in March 1992, more than five years before the father's position was abolished in April 1997. Thus, to the extent that the Family Court denied the father's application because he did not demonstrate that his loss of employment was unanticipated, the court was in error.

Accordingly, the matter must be remitted to the Family Court for consideration of whether, based upon the evidence before him, the Hearing Examiner correctly granted the father's application for a downward modification of child support. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.